IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DEVONNA TILLMAN, aka
DEVONNA FRICKS, individually
and on behalf of all others similarly
situated                                                                                              PLAINTIFF

v.                                          Case No. 4:19-cv-4030

MIDLAND CREDIT MANAGEMENT,
INC.; MIDLAND FUNDING LLC; and
JOHN DOES 1-25                                                                             DEFENDANTS

## ORDER

Before the Court is Defendants' Motion for Judgment on the Pleadings. (ECF No. 14). Plaintiff Devonna Tillman has responded. (ECF No. 21). Defendants have replied. (ECF No. 25). The Court finds the matter ripe for consideration.

## I. BACKGROUND

On March 20, 2019, Plaintiff filed this putative class action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (the "FDCPA"). Plaintiff alleges that, sometime prior to June 20, 2018, she incurred a financial obligation to GE Capital Retail Bank.[1] GE Capital Retail Bank then contracted with Defendants to collect the debt. Plaintiff asserts that Defendants violated the FDCPA by sending her a dunning letter[2] on June 20, 2018, that contained false, deceptive, and misleading statements.

In relevant part, the dunning letter indicated that Plaintiff owed an outstanding balance and

---

[1] Plaintiff does not allege that her debt was invalid or that she otherwise did not owe the debt.

[2] "A dunning letter is a letter 'demand[ing] payment from . . . a delinquent debtor.'" *Lorenz v. JPMorgan Chase*, No. 13-CV-986 PJS/SER, 2014 WL 7408394, at *1 n.1 (D. Minn. Dec. 30, 2014) (quoting *Black's Law Dictionary* (9th ed. 2009).

listed various options to pay off the debt. The dunning letter also stated that "[t]he law limits how long you can be sued on the debt. Because of the age of the debt, we will not sue you for it. If you do not pay the debt, we may report it to the credit reporting agencies as unpaid." (ECF No. 1-1, p. 2). Plaintiff asserts that Defendants' dunning letter was misleading, unfair, and in violation of various provisions of the FDCPA, including 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

On July 5, 2019, Defendants filed the instant motion for judgment on the pleadings, arguing that this case should be dismissed with prejudice. Plaintiff opposes the motion.

## II. STANDARD

A party may move for judgment on the pleadings after the pleadings have closed. Fed. R. Civ. P. 12(c). In deciding a Rule 12(c) motion, courts apply the same legal standard used for a motion to dismiss under Rule 12(b)(6). *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). A pleading must state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard and to survive a Rule 12(b)(6) motion, a complaint need only state factual allegations sufficient to raise a right to relief above the speculative level that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Courts deciding a Rule 12(c) motion are required to accept as true the complaint's well-pled allegations and must resolve all inferences in the plaintiff's favor. *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). However, this tenet does not apply to legal conclusions, "formulaic recitation of the elements of a cause of action," or naked assertions which are so indeterminate as to require further factual enhancement. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th

Cir. 2009). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Wishnatsky*, 433 F.3d at 610.

When considering a motion for judgment on the pleadings, courts must generally ignore all materials outside the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). However, courts may consider "some materials that are part of the public record or do not contradict the complaint . . . as well as materials that are necessarily embraced by the pleadings." *Id.* (internal quotation marks omitted).

### III. DISCUSSION

Plaintiff contends that Defendants' dunning letter violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692f by failing to disclose that her debt's statute of limitations could be reset if she made partial payments and, thus, they failed to inform her of the true ramifications of making a payment.[3] Plaintiff also asserts that the dunning letter is misleading because it states, "we will not sue you for [the debt]," which implies that Defendants merely have chosen not to sue, rather than stating that they are time-barred from doing so.

Defendants contend that they are entitled to judgment on the pleadings on numerous grounds and ask for dismissal of this case. Specifically, they contend that: (1) their attempt to collect a time-barred debt is not actionable under the FDCPA absent a threat of litigation or the commencement of litigation, neither of which is alleged to have occurred in this case; (2) Plaintiff did not allege that she made a partial payment in response to the dunning letter and Defendants'

---

[3] Neither Plaintiff's complaint nor her response to the instant motion point the Court to any Arkansas authority providing that the statute of limitations for a time-barred debt will, in fact, be revived by a partial payment. However, the Court need not answer that question. At this stage, the Court must draw all reasonable inferences in Plaintiff's favor. Plaintiff alleges that a partial payment "could" reset the statute of limitations on her debt. The Court will assume for purposes of this order that partial payments on a stale debt in Arkansas will revive the time to sue on that debt.

3

own policies and procedures preclude the revival of an expired statute of limitations based on partial payment and also prohibit the re-sale of time-barred accounts; (3) Plaintiff failed to state a claim upon which relief may be granted with respect to the allegations that "we will not sue you" language is misleading; (4) Plaintiff's claims are time-barred because they accrued, if at all, on September 27, 2017, when Defendants first sent a collection letter to Plaintiff; and (5) Defendants are entitled to immunity from liability under the FDCPA's safe-harbor provision. Plaintiff argues that none of these arguments warrant judgment on the pleadings and the instant motion should be denied.

The Court will begin with Defendants' first argument and, if necessary, will proceed to the other arguments.

**A. FDCPA Claim in the Absence of the Threat of or Commencement of Litigation**

Defendants argue that this case should be dismissed because the Eighth Circuit has held that, absent a threat of litigation or commencement of litigation, actions to collect a time-barred debt are not actionable under the FDCPA. Plaintiff disagrees.

Congress enacted the FDCPA to curtail "the use of abusive, deceptive, and unfair debt collection practices" by debt collectors. 15 U.S.C. § 1692(a). To further this purpose, the FDCPA grants a private right of action to consumers who receive communications that violate the Act. 15 U.S.C. § 1692k. Among other things, the FDCPA seeks "to eliminate abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). Thus, the FDCPA makes it unlawful for debt collectors to use "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FDCPA also prohibits debt collectors from using "unfair or unconscionable means to collect or

attempt to collect any debt." 15 U.S.C. § 1692f. In addition, it is a violation of the FPDCA to threaten to take "any action that cannot legally be taken." 15 U.S.C. § 1692e(5).

Defendants point out that Plaintiff has not alleged that Defendants either threatened to commence or commenced litigation against her in relation to the debt. Thus, Defendants argue that, pursuant to binding Eighth Circuit authority, their attempt to collect the time-barred debt—sending the dunning letter—is not actionable under the FDCPA. Plaintiff responds that a dunning letter may nonetheless contain deceptive, misleading, unfair, or unconscionable language in violation of the FDCPA, even if the letter does not threaten litigation and litigation is not subsequently commenced.

Defendants' arguments on this point rely heavily on *Freyermuth v. Credit Bureau Services, Inc.*, in which the Eighth Circuit, *inter alia*, addressed a plaintiff's claim that the defendant committed a FDCPA violation by attempting to collect a debt that it knew was likely time-barred. 248 F.3d 767, 770 (8th Cir. 2001). The Eighth Circuit answered that question in the negative, holding that "in the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid." *Id.* at 771. Plaintiff, however, argues that *Freyermuth* is not determinative, pointing to several federal circuit opinions from other jurisdictions, decided after *Freyermuth*, which held under different factual circumstances that even in the absence of a threat of litigation or commencement of litigation, a debt collector's letter may nonetheless violate the FDCPA if the letter contains abusive, deceptive, or unfair language. *See, e.g., Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 513 (5th Cir. 2016) (discussing the potential pitfalls for consumers in the absence of a statute-of-limitations revival disclosure but holding that dismissal of an FDCPA claim should be reversed because the debt collector's letter offering a "settlement"

5

of a time-barred debt without disclosing that the debt was time-barred could mislead a consumer to believe that the debt is legally enforceable); *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 399 (6th Cir. 2015) (same).

However, Plaintiff has cited to no binding Eighth Circuit authority, and the Court is unaware of any, finding a plausible FDCPA violation in the absence of a threat of litigation or actual litigation. Multiple courts have applied *Freyermuth*'s rationale in dismissing claims like Plaintiff's—that a debt collector violated the FDCPA by failing to advise that a debt was potentially time barred or by otherwise failing to disclose the status of the debt—in the absence of a threat of litigation or actual litigation. *See, e.g.*, *Haynes v. Allied Interstate, LLC*, No. 4:14-cv-3130-RGK, 2015 WL 429800, at *4 (D. Neb. Feb. 2, 2015) (granting a Rule 12(b)(6) motion to dismiss FDCPA claims brought under 15 U.S.C. §§ 1692e and 1692f because there was no threat of litigation or actual litigation); *Price v. M.R.S. Assocs., Inc.*, No. 7:13-CV-13-D, 2014 WL 2930723, at *3 (E.D.N.C. June 27, 2014) (granting motion for summary judgment because "the FDCPA does not prohibit a collection agency from requesting payment on a time-barred debt, even if the collection agency does not disclose that the debt is time-barred and that any partial payment or acknowledgment would result in the debt's revival, as long as in doing so, the collection agency does not threaten or commence litigation"); *Schaefer v. ARM Receivable Mgmt., Inc.*, No. CIV.A. 09-11666-DJC, 2011 WL 2847768, at *4 (D. Mass. July 19, 2011) ("Provided that a debt collector does no more than [seek voluntary repayment] in regard to a time-barred debt (and does not threaten litigation if the debtor does not comply with the request), the debtor is not being mislead about the status of the debt."); *Shorty v. Capital One Bank*, 90 F. Supp. 2d 1330, 1332 (D.N.M. 2000) (granting Rule 12(c) motion to dismiss FDCPA claims because the debt collection letter at issue did "not threaten a lawsuit or any further collection action").

6

Plaintiff has not alleged that Defendants threatened litigation or commenced litigation in association with their efforts to collect a potentially time-barred debt. Thus, Defendant's dunning letter does not make any false representations about the character, amount, or legal status of the debt, resulting in a violation of the FDCPA. Consequently, taking Plaintiff's well-pleaded allegations as true, and giving her the benefit of all reasonable inferences, the Court finds that judgment on the pleadings is proper and that Plaintiff's claims should be dismissed.

**B. Whether Defendants' Dunning Letter Violates the FDCPA**

If the Court assumes *arguendo* that an FDCPA violation may occur even in the absence of a threat of litigation or actual litigation, the question then becomes whether Defendants' dunning letter was unfair or falsely misrepresented the character, amount, or legal status of the debt or Defendants' ability to sue thereunder. The parties offer vastly different answers to this question.

Plaintiff argues that Defendants' dunning letter violates the FDCPA in two ways. First, Plaintiff asserts that the dunning letter is misleading because it fails to communicate that making a partial payment could reset the statute of limitations on Plaintiff's debt. Second, Plaintiff asserts that the dunning letter's use of "we will not sue you" is misleading because it does not communicate that Defendants were legally barred from filing suit but, rather, implies that they were only choosing not to sue.

Defendants argue that their dunning letter did not make any misrepresentations about the debt. They argue that the FDCPA does not require an explicit warning of potential consequences stemming from partial payments on a time-barred debt and that courts have found that collection letters with similar language to the dunning letter in this case did not violate the FDCPA. They also argue that their letter correctly stated that the law limits how long you can be sued for a debt,

7

and that they would not sue Plaintiff because of the age of her debt.[4] They state that multiple courts have rejected arguments that the exact language from the dunning letter is misleading, and that no unsophisticated customer would read the dunning letter and believe that the debt was legally enforceable or that Defendants had the ability or intention to sue on it.

As discussed above, the FDCPA "prohibits a debt collector from asserting any 'false, deceptive, or misleading representation,' or using any 'unfair or unconscionable means,' to attempt to collect a debt." *Coyne v. Midland Funding LLC*, 895 F.3d 1035, 1037 (8th Cir. 2018) (citing 15 U.S.C. §§ 1692e, 1692f). Liability under the FDCPA turns on "whether an unsophisticated consumer would be harassed, misled or deceived" by the debt collector's actions. *Freyermuth*, 248 F.3d at 771. The "unsophisticated consumer" standard "is designed to protect consumers of below average intelligence or sophistication." *Coyne*, 895 F.3d at 1037. This standard not only "protects the uninformed or naive consumer," but also includes "an objective element of reasonableness," to ensure that debt collectors are not held liable as a result of "peculiar interpretations of collection letters." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317-18 (8th Cir. 2004). "The objective element of reasonableness is often decided as a matter of law without reliance on survey or other extrinsic evidence." *Klein v. Affiliated Grp., Inc.*, No. 18-CV-949 DWF/ECW, 2019 WL 1307884, at *10 (D. Minn. Mar. 22, 2019).

The Court agrees with Defendants that their dunning letter's omission of a statute-of-limitations revival warning does not violate the FDCPA. Even in jurisdictions where a partial payment will revive a debt's statute of limitations, courts have found that collection letters

---

[4] This "disclosure regarding the statute of limitations comes directly from a consent decree between Midland, several related companies, and the U.S. Consumer Financial Protection Bureau." *Cooper v. Midland Credit Mgmt., Inc.*, No. 4:18-CV-82 (CDL), 2018 WL 6517448, at *1 n.1 (M.D. Ga. Dec. 11, 2018) (discussing an identical disclosure). Although consent decrees are neither formal rules nor formal guidance, "an agency's interpretation of a statute may merit some deference whatever its form, given the specialized experience and broader investigations and information available to the agency." *United States v. Mead Corp.*, 533 U.S. 218, 220 (2001) (internal quotation marks omitted).

featuring no revival disclaimer do not violate the FDCPA when they: (1) note that the law limits how long you can be sued on a debt, and (2) state that the creditor will not sue due to the age of the debt. *See, e.g.*, *Buchanan*, 776 F.3d at 400 (opining in dicta that although the Michigan statute of limitations would reset with a partial payment of an expired debt, a statement in the collection letter that "[t]he law limits how long you can be sued for a debt. Because of the age of your debt [the debt owner] will not sue you for it" would "correct[] any possible misimpression by unsophisticated consumers"); *Smith v. Portfolio Recovery Assocs., LLC*, No. 4:19-CV-25 (CDL), 2019 WL 2236264, at *2 (M.D. Ga. May 23, 2019) (noting the Eleventh Circuit's suggestion that any misimpression caused by an omission of a statute-of-limitations revival disclaimer could be cured by incorporating the following language into collection letters: "The law limits how long you can be sued on a debt. Because of the age of your debt, [the creditor] will not sue you for it"); *Filgueiras v. Portfolio Recovery Assocs., LLC*, No. CV158144JLLSCM, 2016 WL 1626958, at *9-11 (D.N.J. Apr. 25, 2016) (accepting, without discussion, the plaintiff's allegation that partial payment "would restart the statute of limitations, giving [t]he creditor a new opportunity to sue for the full debt," but holding that a collection letter stating that "[b]ecause of the age of your debt, we will not sue you for it" did not violate the FDCPA "because the least sophisticated debtor would not interpret it [to] misrepresent the legal status of the Debt").

The Court agrees with these cases' rationale. Although Defendants' dunning letter does not warn that partial payments could revive the time-barred debt, the Court concludes that no unsophisticated consumer could be misled as to the debt's legal status in light of the inclusion of language stating that the law limits how long a debtor can be sued on a debt and that Defendants would not sue Plaintiff on her debt because of its age. Thus, after taking Plaintiff's well-pleaded allegations as true and giving her the benefit of all reasonable inferences, the Court finds that she

fails to state a plausible claim that Defendants violated the FDCPA by misrepresenting the debt's legal status and her claims should be dismissed to the extent that they assert this.

The Court is likewise unpersuaded by Plaintiff's argument that Defendants' use of the language "we will not sue you," rather than "we cannot sue you" or other similar language, presents a plausible FDCPA violation. Multiple courts have found that this exact (or substantially similar) language does not violate the FDCPA. *See, e.g.*, *Will v. Portfolio Recovery Assocs., LLC*, No. 18-CV-02790-MSK-KMT, 2019 WL 4674352, at *5 (D. Colo. Sept. 24, 2019); *Swann v. Dynamic Recovery Sols., LLC*, No. 4:18-CV-1000-VEH, 2018 WL 6198997, at *12 (N.D. Ala. Nov. 28, 2018); *Cooper*, 2018 WL 6517448, at *4-5 (granting Rule 12(b)(6) motion to dismiss FDCPA claims based on "we will not sue you" language because "partially paying a non-extinguished debt, by itself, is not a harm to [the plaintiff]. A partial payment can only harm [the plaintiff] if it constitutes a new promise to pay the entire debt . . . *and* if Midland uses the partial payment to restart the statute of limitations. In its letter, Midland expressly promised not to do so") (emphasis in original); *Jones v. Synergetic Commc'n, Inc.*, No. 18-CV-1860-BAS-RBB, 2018 WL 6062414, at *7 (S.D. Cal. Nov. 20, 2018) ("In light of the disclaimer [that the law limits how long a debtor can be sued on a debt], the least sophisticated consumer would not plausibly be misled into believing that his time-barred debt is enforceable simply because the Letter uses the phrase 'will not sue.'"); *Valle v. First Nat'l Collection Bureau, Inc.*, 252 F. Supp. 3d 1332, 1341 (S.D. Fla. 2017); *Judah v. Total Car, Inc.*, No. 16-5881, 2017 WL 2345636, at * 5 (D.N.J. May 30, 2017); *Filgueiras*, 2016 WL 1626958, at *11 (granting Rule 12(b)(6) motion to dismiss FDCPA claim that a debt collection letter stating "[b]ecause of the age of your debt, we will not sue you on it" was misleading).

Viewed in a vacuum, the phrase "we will not sue you" could arguably be interpreted to

mean that Defendants merely chose not to sue on the debt and that they could change their mind and file suit. However, the phrase must be read in the proper context. The dunning letter's relevant passage states in full: "The law limits how long you can be sued on the debt. Because of the age of the debt, we will not sue you for it." (ECF No. 1-1, p. 2). Thus, the dunning letter also informed Plaintiff that there are legal limits to how long she could be sued for the debt. "This sentence draws a connection between the legal unenforceability of the debt and the debt collector's promise not to sue." *Trichell v. Midland Credit Mgmt., Inc.*, No. 4:18-cv-0132-ACA, 2018 WL 4184570, at *4 (N.D. Ala. Aug. 31, 2018), *appeal docketed*, No. 18-14144 (11th Cir. Sept. 28, 2018); *cf. Buchanan*, 776 F.3d at 400 (suggesting in dicta that including language stating that "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, [the debt collector] will not sue you for it" would correct "any possible misimpression by unsophisticated consumers"). When "[r]ead in the context of the entire paragraph, the phrase 'will not sue you' is not false or deceptive, even from the perspective of the least sophisticated consumer."[5] *Valle*, 252 F. Supp. 3d at 1340. As such, after taking Plaintiff's well pleaded allegations as true and giving her the benefit of all reasonable inferences, the Court finds that she has failed to state a plausible claim that Defendants' use of the phrase "we will not sue you" violated the FDCPA, and that claim should be dismissed.[6]

---

[5] Moreover, Plaintiff did not allege that Defendants would disregard their promise to not sue her on the debt and thereby file suit against her if she made a partial payment. In the absence of any such allegation, Defendants' use of "we will not sue you" would only be misleading or constitute an unfair attempt to collect a debt if the Court infers that Defendants' letter amounts to an attempted fraudulent inducement. *Cooper*, 2018 WL 6517448, at *1. This would be an implausible inference to make, and the Court declines to do so. *Id.* Of course, if Defendants ever renege on the promise and either sue on the debt or resell the debt to someone who subsequently sues on it, Plaintiff could argue at that time that Defendants used an unfair or unconscionable means of collecting a debt. *Id.* However, that hypothetical FDCPA claim would not accrue unless and until that happened.

[6] In light of the Court's finding that judgment on the pleadings is proper as to all claims, it is unnecessary to address the parties' remaining arguments.

## IV. CONCLUSION

For the above-stated reasons, the Court finds that Defendants' motion for judgment on the pleadings (ECF No. 14) should be and hereby is **GRANTED**. Plaintiff's claims are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 10th day of December, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge